UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAUREEN EPPS, | : |
| DIANE CLAUSSEN and | : |
| GERALDINE WRIGHT | : |
|     Plaintiffs | :    C.A. NO. 3:01 CV 2156 (AVC) |
| | : |
| VS. | : |
| | : |
| GERALD MISTRETTA and | : |
| THE BOARD OF EDUCATION FOR | : |
| THE TOWN OF EAST LYME | : |
|     Defendants | :    NOVEMBER 26, 2003 |

### AFFIDAVIT OF MAUREEN EPPS

I, Maureen Epps, being duly sworn, does depose and say:

1. I am over the age of eighteen and believe in the obligation of the oath.

2. I am a certified teacher in the areas of math and Spanish. I was employed by the Town of East Lyme for approximately 23 years as a Spanish teacher until I resigned in 2001.

3. At that time, I was a member of the School's Foreign Language Department. As Ms. Claussen and Ms. Wright, I was retaliated against by Gerald Mistretta after filing a grievance against him.

4. In or about April of 2000, I made a timely request for a personal day. I was entitled to five personal days under my contract with the School. It was school policy that a teacher give at least three days' notice prior to using a personal day and that a personal day not be used for shopping or looking for another job. I was not using the day for those purposes.

5. My request for my first personal day was refused by Mistretta. He stated that I could not use a personal day when I was scheduled to cover certain exams, which were not even for my students. I was frustrated by Mistretta arbitrarily denying me a personal day, although I am entitled to take such days under my teaching contract. He later admitted he did not have the right to deny my request for a personal day.

6. I spoke to my union representative about Mistretta's denial. My union representative advised me that although I was correct and Mistretta could not refuse me a timely request for a personal day, I should not file a grievance because Mistretta "would make my life miserable" if I did. I decided not to file a grievance.

7. A month later, I once again submitted a timely request for a personal day. Again, Mistretta refused the request. On the day I was to be away, I was giving my students a final exam in Spanish. I had made arrangements with an experienced member of the faculty who also taught Spanish to cover the second hour of the testing period. Notwithstanding these circumstances, Mistretta stated it was inappropriate for me to be off. I needed the day because my son was participating in a special event at school and I had committed to being there.

8. This time, I filed a grievance with the Union. My grievance was filed on a Friday.

9. The following Monday morning, I was paged to call Mistretta's office through the intercom system at 7:20 a.m. When I met with Mistretta during lunch, he told me that I would no longer be the CIL for my Department. When I asked why I was being removed as CIL, Mistretta said he sought to take the Foreign Language Department in a different direction.

2

10. As of the spring of 2000, I had been a Liaison / CIL for the Foreign Language Department for ten years. I had never received any criticism for my performance as Liaison or CIL for my department. As of September of 2000, the Assistant Principal was the acting CIL.

11. When I returned to school in September of 2000 after the summer break, it was clear Mistretta had not forgotten the grievance and continued the campaign of retaliation against me. For example, on or about September 1, 2000 I had the opportunity to view the contents of my personnel file with the Union President. My file contained several positive statements regarding my performance. Several weeks later I requested a copy of my personnel file, and I noted that documents were missing, including a favorable memorandum regarding my performance as a Liaison / CIL.

12. The following spring when the position of CIL opened again, I expressed my desire to once again assume the position of CIL. I was the only person who wanted and applied to the posting for the position. In all prior years, my position as CIL was renewed without any question. Even though I was the only one who applied to the posting, the School went outside my department and advertised to get names of applicants for the CIL position and I was told that a CIL would be selected only after a formal interview process. This was contrary to what had occurred throughout the school and even in my department prior to the spring of 2001. It had been generally the policy of the school that when only one person in a department sought the CIL position, that person was given the position. After filing a grievance against Mistretta in the spring of 2000, the rules regarding the selection of CIL for my department changed.

13. In April of 2001, accusations were made against me which are not true. Mistretta refused to believe my side of things in response to the accusations and wrote a letter to the Superintendent recommending my termination. Before the School could act upon Mistretta's recommendation, I resigned.

14. The allegations were made against me by a student teacher. Mistretta chose to believe the student teacher instead of me, a teacher who had been with the School for 23 years and who had a near flawless record. Mistretta made sure he accomplished his objective, which was to punish me for filing a grievance regarding the use of a personal day.

15. I am currently employed as a Spanish instructor in another school system.

Dated at New London, Connecticut this 26th day of November, 2003.

_____
Maureen Epps

Sworn to before me this 26th day
of November, 2003:

_____
Commissioner of the Superior Court
Notary Public

BETHANY G. PARKS
Notary Public
State of Connecticut
My Commission Expires June 30, 2006

4