FILED
2003 DEC 19 P 3:57
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAUREEN EPPS, DIANE CLAUSSEN, and GERALDINE WRIGHT<br>Plaintiffs,<br>VS.<br>GERALD MISTRETTA and THE BOARD OF EDUCATION FOR THE TOWN OF EAST LYME<br>Defendants. | CIVIL ACTION NO.<br>3:01 CV2156 (AVC)<br><br><br><br><br><br>DECEMBER 19, 2003 |

**DEFENDANTS' JOINT REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

Pursuant to Conn. L. Civ. R. 7(d), the defendants, Town of East Lyme Board of Education (the "Board") and Gerald Mistretta ("Mistretta"), hereby submit the foregoing Joint Reply Memorandum in Support of their Joint Motion for Summary Judgment.

**I.   INTRODUCTION**

On November 26, 2003, the Plaintiffs filed their Memorandum of law in Opposition to Defendants' Motion for Summary Judgment. The documents submitted by the Plaintiffs, however, fail to meet the Plaintiffs' burden to demonstrate that the First Amendment protected their conduct and that the Defendants' conduct was motivated or substantially caused by the exercise of their free speech. (Plaintiffs' Memorandum, pp. 31-33). The so-called "evidence" submitted by the Plaintiffs in opposition to the Defendants' Joint Motion for Summary Judgment amounts to nothing more than hearsay, speculation and conclusory statements insufficient to defeat the Defendants'

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Joint Motion for Summary Judgment.[1]  Specifically, the Plaintiffs' factual section fails to provide citations to affidavits or admissible documents to support any such "facts" and/or conclusory statements. (Pls' Mem., pp. 1-22).  Moreover, the Plaintiffs' memorandum is replete with inadmissible hearsay statements, the most glaring of which states, "[h]e was heard saying things like 'I need a man for that job' or 'I need someone young in that position'" (Pls' Mem., p. 18 n. 3).  Even if such conclusory "statements" were admissible, they are irrelevant to the ultimate issue of whether the Plaintiffs engaged in protected conduct and cannot by themselves create a genuine issue of material fact where none would otherwise exist.

The Plaintiffs have also failed to demonstrate that their "protected speech" involved matters of public concern, rather than speech calculated to redress their own personal grievances. (Pls' Mem., pp 28-36).  Moreover, the Plaintiffs have failed to demonstrate that there is a causal connection between their speech and an adverse employment decision, such that the speech was a motivating factor in any employment decision. (Pls' Mem., pp. 33-36).  Notwithstanding the Plaintiffs' failure to prove these elements, the Defendants have demonstrated that they would have made the same employment decisions regarding the reorganization of the special education department in the absence of protected conduct.  Moreover, any employment decisions were made

---

[1] The Defendants also intend to file a separate motion to strike the Affidavits of Maureen Epps, Geraldine Wright and Diane Claussen, including their "statements" attached as Exhibits 1 through 3 to their Memorandum, the Plaintiffs' Response to Local 56(a)(1) Statement and corresponding references in the Plaintiffs' Memorandum based upon the hearsay and conclusory statements contained therein.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

based on legitimate non-discriminatory reasons based on the Plaintiffs' employment backgrounds and performance issues. Accordingly, this Court should grant the Defendants' Joint Motion for Summary Judgment as to all counts of the Complaint.

## II. LAW AND ARGUMENT

### A. Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case, on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The mere existence of factual issues as to some element will not suffice to defeat a motion for summary judgment, when such issues are not material to the claims before the court. Cartier v. Lussier, 955 F.2d 841, 845 (2nd Cir. 1992) (citations omitted).

A party may not create its own "genuine" issue of fact simply by presenting contradictory or unsupported statements. See Securities & Exch. Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Moreover, mere conclusory allegations in legal memoranda are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. See Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2nd Cir. 1980). Although the plaintiffs have attempted to identify genuine issues of material fact throughout their brief, they misapply and mischaracterize the evidentiary record for that purpose. Moreover, plaintiffs have relied upon hearsay, speculation and conclusory

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

statements, which are wholly irrelevant to the issues raised by Defendants' motion. Once the immaterial facts are removed from plaintiffs' submissions, any remaining claims amount to a recitation of their complaint, to which defendants have applied established legal standards in arguing for summary judgment. As such, since there are no disputed facts, which relate to the basis for the Defendants' motion, the Court should grant summary judgment in their favor.

### B.   The Board Is Entitled To Governmental Immunity

The Plaintiffs claim that the Board is not entitled to governmental immunity for their claims raised in their complaint. (Pls' Mem., p. 24). It is undisputed that the Plaintiffs' state law claims for negligent infliction of emotional distress have been dismissed against the Board and Mr. Mistretta. (Defs' Local Rule 56(a)(1) Statement, ¶ 62; Pls' Local Rule 56(a)(2) Statement, ¶ 62). To the extent that the Plaintiffs' continue to claim negligence against the Board for any such state law claims; Complaint ¶¶ 34-35; the Board is entitled to governmental immunity for such claims. See Hughes v. City of Hartford, 96 F. Supp.2d 114, 118-19 (D. Conn. 2000).

### C.   Mr. Mistretta is Entitled to Qualified Immunity

The Plaintiffs claim that Mr. Mistretta is not entitled to qualified immunity as set forth in the Defendants' Memorandum of Law for his objectively reasonable conduct in the reorganization of the Special Education Department. (Pls' Mem., pp. 24-27).[2] The

---

[2] The Plaintiffs further note that since the Defendants do not mention the claims of Ms. Epps in their discussion of qualified immunity, the doctrine does not apply to her claims. However, Mr. Mistretta's

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants have met their burden of demonstrating that Mr. Mistretta's actions with respect to the Plaintiffs were objectively reasonable based on the reorganization of the Special Education Department (Defs' Mem., pp. 24-26). Moreover, the Plaintiffs have failed to demonstrate clearly established rights at the time of the reorganization necessary to overcome the defense of qualified immunity. See Davis v. Scherer 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984)(holding a Plaintiff who seeks damages for violation of constitutional or statutory rights may overcome defendant official's qualified immunity only by showing that those rights were clearly established at time of conduct at issue).

Specifically, the Plaintiffs claim that they engaged in protected activity in attending union meetings and/or filing grievances. (Pls' Mem., p. 25). Contrary to the Plaintiffs' assertions, this so-called protected activity, however, related to private conduct such as matters of their personal time, available part-time positions, requests for information in a personnel file, suitable office space, the ability to work with specific colleagues, assignments of part-time positions to less qualified teachers and the sharing of office space; Complaint ¶¶, 7, 14-20; rather than the concerns of their students. For these reasons Mr. Mistretta is entitled to qualified immunity and summary judgment must enter in favor of the Defendants.

---

employment decisions with respect to Ms. Epps were also objectively reasonable based on the series of documented unprofessional and unethical acts witnessed by Mr. Mistretta as well as Assistant Principal Larry Roberts and teacher Fred Willson. See Defs' Mem. Exhibits 6-16. As such, Mr. Mistretta is entitled to qualified immunity as to all Plaintiffs.

-5-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### D. THE PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES.

The Plaintiffs claim that the failure to exhaust administrative remedies is inapplicable in this matter. (Pls' Mem., p. 28). "General Statutes § 31-51bb authorizes an employee who has failed to exhaust the grievance procedures in a collective bargaining agreement to pursue a cause of action in the Superior Court if the cause of action arises under the state or federal constitution or under a state statute." Hunt v. Prior, 236 Conn. at 421, 446 n. 22, 673 A.2d 514 (1996). As set forth above, to the extent that the Plaintiffs' continue to claim negligence against the Defendants for any such state law claims; Complaint ¶¶ 34-35; such claims, unlike their § 1983 claim, do not arise under any constitutional or state statutory provision, but are common-law causes of action. Connecticut courts have consistently interpreted § 31-51bb as having no application to common-law claims. See, e.g., Hunt v. Prior, supra, 236 Conn. at 446 n. 22 (statute did not apply to contract claim). As such, the Plaintiffs have failed to exhaust their administrative remedies regarding any such state law claims, since they concede that the outcome of their state labor board hearing is still pending; Complaint ¶ 27; and summary judgment must enter in favor of the Defendants.

### E. THE PLAINTIFFS CANNOT RAISE ANY GENUINE ISSUE OF FACT IN SUPPORT OF THEIR CLAIMS OF RETALIATION FOR SPEAKING OUT ON A MATTER OF PUBLIC CONCERN.

The Plaintiffs claim that there are genuine issues of material fact regarding the Plaintiff's retaliation claims that preclude the grant of summary judgment in this case.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(Pls' Mem., p. 28). Specifically, the Plaintiffs claim that they raised matters of public concern related to the teaching and safety of special education teachers. (Pls' Mem., p. 31.) The Plaintiffs, without providing citations to any admissible evidence in their brief, claim that their speech concerning budget funds, less than full-time workloads, and "other statements" contained in their brief demonstrate that the Plaintiffs' engaged in speech regarding matters of public concern. (Pls' Mem., p. 32). As such, it is unclear how the Plaintiffs' claim that they spoke out on matters of "safety" of the special education students. (Pl's Mem., pp. 31-33). To the extent that the Plaintiffs claim that they spoke out on the issue of safety regarding the size of the special education room, the fire marshal issued a finding that the room was a "lawful and adequate resource room to be used by special education students." (Defs' Mem., Exhibit 30).

The Second Circuit looks only at the employee's motive for the speech, "regardless of whether the subject matter of a particular statement is of inherent interest to society at large, 'to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose.'" Daley v. Aetna Life and Casualty Co. et al., 249 Conn. 766, 780 (1999) quoting Lewis v. Cowen, 163 F.3d 154, 163-64 (2d Cir. 1999). "[T]he fact that an employee's speech...touches on matters of public concern will not render that speech protected where the employee's motive for the speech is private and personal." Blum v. Schlegel, 18 F.3d 1005, 1012 (2d Cir. 1994).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In this case, the Plaintiffs' motive for their alleged protected "speech" is related to their personal concerns and grievances regarding requests for personal time, available part-time positions, requests for information in a personnel file, suitable office space, the ability to work with specific colleagues, assignments of part-time positions to less qualified teachers and the sharing of office space, which all relate to unprotected, private conduct. (Complaint ¶¶, 7, 14-20).  The fact that the Plaintiffs' speech may touch on matters of public concern, such as budgets and teaching does not render the speech protected where the motive for the Plaintiffs' speech is private and personal.  See Blum v. Schlegel, supra, 18 F.3d at 1012.  Moreover, the fact that the Plaintiffs' claim could be broadly construed to implicate matters of public concern does not alter the general nature of their statements, which relate to their own personal grievances as set forth in Paragraphs 7 and 14-20 of the Complaint.  Accordingly, the Plaintiffs have failed to meet their burden to demonstrate they engaged in protected conduct and summary judgment must enter in favor of the Defendants.

1. **The Plaintiffs have failed to demonstrate any causal connection between protected speech and any adverse employment action.**

The Plaintiffs claim that they suffered adverse employment consequences and Plaintiffs Wright and Epps specifically claim that they were constructively discharged. (Pls' Mem., pp. 33-36).  The Plaintiffs, however, have failed to demonstrate any causal connection between their speech and any employment action such that it can be said that their speech was a motivating factor in the adverse employment decision as

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

required for such a retaliation claim in this Circuit. <u>See</u> <u>Morris v. Lindau</u>, 196 F.3d 102, 110 (2d Cir. 1999). Specifically, the Plaintiff Diane Claussen claims she was assigned a punitive workload after speaking out on matters of public concern at a union meeting. (Pls' Mem., p. 34). Ms. Claussen claims that she made statements regarding the reorganization and the problems thereby with respect to students. <u>Id.</u> Contrary to the Plaintiffs' assertion, Ms. Claussen received a work assignment from CIL Paul Christensen to ensure that she has a full-time teacher's workload consistent with other faculty. (<u>See</u> Defs' Mem., Exhibit 38.) As such, this decision would have been made in the absence of any protected conduct to ensure that she had an equal workload and to bring the department into compliance with Individuals with Disability Education Act, 20 U.S.C. § 1400 ("IDEA") under the reorganization. (<u>See</u> Defs' Mem., pp. 17-18).

The Plaintiffs Epps and Wright claim that they were constructively discharged. (Pls' Mem., pp. 34-35). The Plaintiff Wright claims that she took a leave of absence due to "intolerable" working conditions due to alleged harassment by Mr. Mistretta, when her request for leave to the contrary, clearly states that such leave was based on Lyme Disease. (Pls' Mem., p. 35; Defs' Mem., Exhibit 22). As such, the Plaintiff Wright has failed to submit any admissible evidence to demonstrate any causal connection between any protected speech and an adverse employment action. Further, despite Maureen Epps' resignation in August 2001; Def's Mem., Exhibit 19; she claims she was constructively discharged following her removal from her position as CIL; her encouragement of students to register for classes they did not intend to take; and an

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

incident regarding confidential CIL interview questions contained in Mr. Willson's computer. (Pls' Mem., p. 36). Contrary to the Plaintiff's assertions, the Defendants would have made their employment decisions regarding Ms. Epps employment in the absence of protected conduct based on the documented unethical and unprofessional conduct as observed Mr. Mistretta as well as Assistant Principal Larry Roberts and Fred Willson. See Defs' Mem. Exhibits 6-16. Accordingly, summary judgment must enter in favor of the Defendants because the Plaintiffs have failed to demonstrate any causal connection between speech and any adverse employment decision, such that protected speech was a motivating factor in the Defendants' employment decisions.

### III.  CONCLUSION

For the reasons set forth above and in the Defendants' Joint Motion for Summary Judgment, the Defendants respectfully request the Court to enter summary judgment in their favor on all counts of the Complaint.

> THE DEFENDANT:
> THE TOWN OF EAST LYME BOARD
> OF EDUCATION
>
> By_____
> James M. Sconzo
> Fed. Bar # ct 04571 and
> Kevin R. Brady
> Fed. Bar #ct22135 of
> HALLORAN & SAGE LLP
> One Goodwin Square
> 225 Asylum Street
> Hartford, CT 06103
> (860) 522-6103

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT:
GERALD MISTRETTA

By /s/ J. A. Spinella

Frank J. Szilagyi
Fed Bar # ct07859 and
Josephine A. Spinella
Fed. Bar # CT24009 of
Silvester & Daly
72 Russ Street
Hartford, CT 06106
Juris No. CT07859
Tel: (860) 278-2650
Fax: (860) 727-9243

### CERTIFICATION

This is to certify that on this 19th day of December, 2003, I hereby mailed a copy of the foregoing to:

Jacques J. Parenteau, Esq.
Heena Kapadia
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

Richard D. O'Connor, Esq.
Paul H. Gamache, Esq.
Siegal, O'Connor, Schiff & Zangari, P.C.
150 Trumbull Street
Hartford, CT 06103-2406

Kevin R. Brady

486391.1(H&PP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105