**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MAUREEN EPPS, | : | CIVIL ACTION NO. |
| DIANE CLAUSSEN, and | : | 3:01 CV2156 (AVC) |
| GERALDINE WRIGHT | : | |
|      Plaintiffs, | : | |
| VS. | : | |
| GERALD MISTRETTA and THE | : | |
| BOARD OF EDUCATION FOR | : | |
| THE TOWN OF EAST LYME | : | |
|      Defendants. | : | MAY 7, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RECONSIDERATION**

Pursuant to D. Conn. L. Civ.R. 7(c), the undersigned Defendants, the Board of

Education for the Town of East Lyme (the "Board") and Gerald Mistretta, hereby

respectfully move this Court to reconsider its Ruling on the Defendants' Joint Motion for

Summary Judgment dated April 23, 2004.  For the reasons set forth herein, the

Defendants respectfully request the Court to reconsider its ruling of April 23, 2004 and

enter summary judgment in favor of the Defendants.

**I.     FACTS AND PROCEDURAL HISTORY**

On September 5, 2004, the Defendants filed their motion for summary judgment

on all counts of the Complaint dated October 15, 2001.  On November 26, 2003, the

Plaintiffs filed their memorandum of law in opposition to the Defendants' joint motion for

summary judgment.  In their motion for summary judgment, the Defendants argued that

the Plaintiffs' alleged protected speech related to the Plaintiffs' personal matters and

unprotected private conduct, which is not entitled to First Amendment protection.  <u>See</u>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants' Memorandum of Law in Support of Summary Judgment, p. 27.  In addition, the Defendants argued that the Plaintiffs' motive for their alleged protected speech is related to their personal concerns and grievances regarding requests for personal time, available part-time positions, requests for information in a personnel file, suitable office space, the ability to work with specific colleagues, assignments of part-time positions to less qualified teachers and the sharing of office space, which all relate to unprotected, private conduct. Id.

On April 23, 2004, the Court issued its Ruling on the Defendants' Joint Motion for Summary Judgment.  That ruling granted summary judgment in part to the Defendants as to the Plaintiff Maureen Epps' claims for retaliation for her exercising her right to file a grievance and expressing displeasure with the hiring process for the CIL of the foreign language department, holding that her speech did not address a matter of public concern. See Order, pp. 16-17.

The ruling, however, denied the Defendants' motion as to the Plaintiffs Diane Claussen and Geraldine Wright for the reason that their "speech relating to the quality of education for special education students touches on matters of public concern and is protected." See Order, pp. 18-19. The Court found that the Plaintiffs' speech at issue concerned the "organization, funding, and staffing levels of the special education department." Id., p. 18.  The Court relied on Bernheim v. Litt, 29 F. 3d. 318, 325 (2d Cir. 1996) for the proposition that "the plaintiff's speech related to matters of public concern because the improvement or deterioration of the quality of education is an issue of

– 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

serious interest to the community." Id., p. 18.  In reaching its conclusion that the

Plaintiffs Claussen and Wright's speech was protected, the Court did not address the

motive for the Plaintiffs' speech regarding the organization, funding, and staffing levels

of the special education department.  Id., pp. 18-19.

## II.    STANDARD

### A.    Summary Judgment

In a summary judgment motion, the burden is on the moving party to establish

that there are no genuine issues of material fact in dispute and that it is entitled to

judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 256 (1986).  A court must grant summary judgment "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact."  Miner v.

City of Glens Falls, 999 F.2d 655, 661 (2d. Cir. 1993)(citation omitted).  A dispute

regarding a material fact is genuine "'if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party.'"  Aldrich v. Randolph Cenbt. Sch. Dist., 963

F.2d 520, 523 (2d Cir. 1992) quoting Anderson, 477 U.S. at 248.

### B.    Motion for Reconsideration

The Second Circuit has held that "[t]he standard for granting [a motion for

reconsideration] is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked--matters, in

other words, that might reasonably be expected to alter the conclusion reached by the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir.1995). Thus, the movant

must demonstrate that newly discovered facts exist that require reconsideration, that

there has been an intervening change in the law, or that the court has overlooked and

thus failed to consider an aspect of the law presented by the defendant which, if left

unredressed, would result in clear error or cause manifest injustice.  <u>Metropolitan</u>

<u>Entertainment Co. v. Koplik</u>, 25 F.Supp.2d 367, 368 (D.Conn. 1998) citing <u>Virgin Atl.</u>

<u>Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir.1992).

## III.     LAW AND ARGUMENT

### A.     The Court Overlooked the Plaintiffs' Motive for Their Speech in Determining Whether it was Entitled to First Amendment Protection.

In reaching its conclusion that the Plaintiffs Claussen and Wright's speech was

protected, the Court overlooked the motive for the Plaintiffs' speech regarding the

organization, funding, and staffing levels of the special education department.  Although

the Court held that speech relating to the quality  of education for the special education

students touches on matters of public concern, the Court must examine the motive for

the Plaintiffs' speech to ultimately determine whether the Plaintiffs' speech is entitled to

First Amendment protection.

The Second Circuit looks only at the employee's motive for the speech,

"regardless of whether the subject matter of a particular statement is of inherent interest

to society at large, 'to determine whether the speech was calculated to redress personal

grievances or whether it had a broader public purpose.'"  <u>Daley v. Aetna Life and</u>

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Casualty Co. et al., 249 Conn. 766, 780 (1999) quoting Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999).  "[T]he fact that an employee's speech…touches on matters of public concern will not render that speech protected where the employee's motive for the speech is private and personal." Blum v. Schlegel, 18 F.3d 1005, 1012 (2d Cir. 1994).

Not all employee speech is entitled to constitutional protection.  If the employee's speech relates solely to issues of personal concern to the employee, the speech is not protected. See Bernheim v. Litt, supra, 79 F.3d 324-25; Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir.1993) (speech is not entitled to First Amendment protection if it is personal in nature and relates to the plaintiff's individual situation). As the Supreme Court instructed in Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), "when a public employee speaks not as a citizen upon matters of public concern, but instead as a employee upon matters of only personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Id. at 147, 103 S.Ct. 1684; see also Bernheim, 79 F.3d at 324 (quoting Connick ); White Plains Towing Corp., 991 F.2d at 1058 (same); Ezekwo, 940 F.2d at 781.

In Ezekwo v. NYC Health and Hosp. Corp., 940 F.2d 775 (2d Cir.1991), the Court of Appeals affirmed the district court's decision that rejected a medical resident's claim that her series of letters and memoranda complaining of various conditions at the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

hospital, including supervision, teaching skills, management, and hospital maintenance, was constitutionally protected speech under the First Amendment. The Court determined that the resident was not seeking to protect the public welfare and agreed with the district court's finding that "the mere fact that one or two of Ezekwo's comments could be construed broadly to implicate matters of public concern does not alter the general nature of her statements." Id. at 781.

Further, in de Llano v. Berglund, 232 F.3d 1031 (8th Cir. 2002), the court held that where a state university professor wrote repeated letters to the local newspaper that "essentially amounted to publicly airing his dissatisfaction with his removal as chair of the physics department and the department's undervaluation of his strong commitment to research," there were no matters of public concern. "De Llano's letters indicated that he was unhappy with several personnel decisions made by [his school], ranging from which people were chosen as department chairs, to the failure of [the school] to rehire a Gulf War veteran…One of de Llano's letters criticized the allocation of travel money within departments [and another ] aired his complaint that he was not allowed to bring in a Brazilian scientist to work with him." Id. at 1036-37.

In this case, the Plaintiffs' alleged protected speech Plaintiffs' relates to their personal concerns and grievances regarding requests for personal time, available part-time positions, requests for information in a personnel file, suitable office space, the ability to work with specific colleagues, assignments of part-time positions to less qualified teachers and the sharing of office space. (Complaint ¶¶ 7, 14-20).  Notably,

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

this alleged protected "speech" appears to be calculated to redress their personal grievances rather than directed towards a broader public purpose. Simply because the Plaintiffs' alleged protected "speech" touches on matters of public concern, i.e., scheduling of PPT meetings, Individual Education Plans ("IEP"), addressing parents, increased workloads, and their dissatisfaction with the "teaming philosophy" will not render that speech protected where, as here, the Plaintiffs' motive for the speech is private and personal.

This Court found that the new plan under the reorganization created a "team approach," which placed Wright and Claussen on different teams where they no longer worked together. See Order, p. 8. The Court found that after the announcement of the reorganization, the members of the special education department brought a proposal to Mistretta that included allowing Claussen and Wright to teach juniors and seniors, respectively. Id., p. 9. Significantly, this Court recognized that "[t]his plan would have allowed Claussen and Wright to continue working together." Id. In addition, the Plaintiff Wright complained that as a result of a special education tutor not being hired, Wright would not get a "plan period." (Wright Dep., pp. 139) Wright's inability to receive a "plan period" clearly relates to a matter of her own personal concern. Further, to the extent that Claussen claims that she engaged in protected activity by participating in her union meeting regarding her complaint for an increased work load (a matter of her personal concern), summary judgment should enter in favor of the defendants as a

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

matter of law based on this Court's same ruling regarding the Plaintiff Epps.  <u>See</u>
Claussen Dep., pp. 124-27; Ruling, pp. 16-17.

Since the determination of whether the Plaintiffs' alleged protected speech
addresses a matter of public concern and is protected under the First Amendment is
one of law, not fact, the Court must find that the alleged speech relates to their own
personal grievances and their ability to continue to work together, which are not matters
of public concern.  Accordingly, the Defendants respectfully request the Court to
reconsider its Ruling dated April 23, 2004 regarding the motive for the Plaintiffs' alleged
protected speech and enter summary judgment in favor of the defendants.

## IV.    <u>CONCLUSION</u>

For all the above reasons, the Defendants respectfully request the Court to
reconsider its Ruling dated April 23, 2004 regarding the motive for the Plaintiff's alleged
protected speech and enter summary judgment in favor of the Defendants on the
Complaint dated October 15, 2001.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

RESPECTFULLY SUBMITTED,

THE DEFENDANT:
THE TOWN OF EAST LYME BOARD
OF EDUCATION


By_____
    James M. Sconzo
    Fed. Bar # ct 04571 and
    Kevin R. Brady
    Fed. Bar #ct22135 of
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103


THE DEFENDANT:
GERALD MISTRETTA


By_____
    Frank J. Szilagyi
    Fed Bar # ct07859 and
    Josephine A. Spinella
    Fed. Bar # CT24009 of
    Silvester & Daly
    72 Russ Street
    Hartford, CT 06106
    Juris No. CT07859
    Tel: (860) 278-2650
    Fax: (860) 727-9243

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 7th day of May 2004, I hereby mailed a copy of the foregoing to:

Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

Richard D. O'Connor, Esq.
Paul H. Gamache, Esq.
Siegal, O'Connor, Schiff & Zangari, P.C.
150 Trumbull Street
Hartford, CT 06103-2406


_____
Kevin R. Brady

547468.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105