**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2004 MAY 27 A 10: 52

U.S. DISTRICT COURT

| | |
|---|---|
| **MAUREEN EPPS,** | : |
| **DIANE CLAUSSEN and** | : |
| **GERALDINE WRIGHT** | : |
| Plaintiffs | : C.A. NO. 3:01 CV 2156 (AVC) |
| | : |
| VS. | : |
| | : |
| **GERALD MISTRETTA and** | : |
| **THE BOARD OF EDUCATION FOR** | : |
| **THE TOWN OF EAST LYME** | : |
| Defendants | : MAY 26, 2004 |

### THE PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION FOR RECONSIDERTION

The plaintiffs, Dianne Claussen and Geraldine Wright, hereby submit this Memorandum of Law in opposition to the defendants' Motion for Reconsideration dated May 7, 2004. In support of their Motion for Reconsideration, the defendants state that in rendering its decision on the defendants' Joint Motion for Summary Judgment the Court failed to address the "motive for the plaintiff's speech." (*Motion for Reconsideration*, p. 1). As the following discussion demonstrates, the Motion for Reconsideration is procedurally flawed and legally insufficient. Accordingly, the court should deny the Motion for Reconsideration.

*The Defendants Have Failed To Meet*
*The Motion For Reconsideration Standard*

As the defendants correctly state in the Memorandum of Law in support of their Motion for Reconsideration, the standard for granting a motion for reconsideration is *strict*, and in setting forth such a motion the moving party must demonstrate one of the following three criteria: (1) that newly discovered facts exist that require reconsideration;

(2) that there has been an intervening change in the law; or (3) that the court has overlooked and thus failed to consider an aspect of the law presented by the defendant which, if left unredressed, would result in clear error or cause manifest injustice. *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d. Cir. 1992). In claiming that the court failed to consider the plaintiff's "motive" for the speech at issue, the defendants rely upon the third criterion noted above -- that the court has *overlooked* or *failed to consider* an aspect of the law. The defendants are wrong in making this assertion and have failed to set forth a basis for the Motion for Reconsideration.

It is well settled that whether certain speech is protected by the First Amendment is one of *law* for the court. *See Connick v. Myers,* 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 1691 n. 7, 75 L.Ed.2d 708 (1983). The pertinent question is whether the speech at issue can "be fairly characterized as constituting speech on a matter of public concern." *Id.* at 146, 103 S.Ct. at 1690. Whether an employee's speech addresses "a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147-48, 103 S.Ct. at 1690.

In this case, the court weighed the defendants' claims that Wright's and Claussen's speech related to personal matters against the plaintiffs' claims that their speech related to matters of public concern, and, specifically, the quality of education provided to special education students. After evaluating the parties' respective positions and the speech at issue, the court determined that the plaintiffs' speech concerned the organization, funding, and staffing levels of the special education department. The court found that such speech relates to the "quality of education for special education students" and "touches on matters of public concern" and is, therefore, "protected." (Court's

2

Ruling on Joint Motion for Summary Judgment, p. 18). In making this determination, the court necessarily reviewed and considered the content, form, and context of the plaintiffs' speech considering the facts submitted in the summary judgment papers. There is nothing in the court's opinion to indicate that it "overlooked" or "failed to consider" any aspect of the law in connection with this analysis, nor has the defendant pointed to any.

Thus, the defendants have failed to satisfy any of the three criteria for a Motion for Reconsideration, as set forth above. The court should, therefore, deny the Motion for Reconsideration on that basis.

### *The Defendants Have Failed To Meet Their Burden That The Speech At Issue Does Not Involve A Matter of Public Concern Or That The Underlying Motive For The Speech Indicates To The Contrary*

Even if the defendants were to convince the court that they have satisfied one of the three criteria for setting forth a motion for reconsideration, which they cannot, because the defendants have failed to set forth any substantive basis for the court to reconsider its decision, the court must still deny the Motion For Reconsideration.

In their Motion for Reconsideration, the defendants rely primarily on *Ezekwo v. NYC Health and Hospital Corp.*, 940 F.2d 775 (2d Cir. 1991) and *de Llano v. Berglund*, 282 F.3d 1031 (8th Cir. 2002) to support their claim that Wright's and Claussen's speech does not involve a matter of public concern. Those cases were discussed extensively in the defendants' Memorandum of Law in support of their Motion for Summary Judgment. Those decisions do not support the defendants' position because they are factually different from this case and not on point. For example, in *Ezekwo*, after a four-day bench trial, the district court had concluded that the statements made by the plaintiff did not relate to matters of public concern and dismissed the plaintiff's claim on that basis. The

3

Second Circuit affirmed the district court's decision and held that the plaintiff's speech was related to protecting "her own reputation" and "individual development" and that the complaints therein were "personal in nature." Unlike the plaintiffs in this case, the plaintiff in the *Ezekwo* case did not engage in any protected activity. Similarly, in *de Llano,* the court found that the plaintiff was merely unhappy with personnel decisions made by his employer and his removal as chair of the physics department. Clearly, the *Ezekwo* and *de Llano* decisions are not similar to the facts of this case.

Moreover, there is no merit to the defendant's argument that the underlying motive for the speech is private and personal. In making their argument, the defendants are essentially stating that the summary judgment record supports only one conclusion -- that the plaintiffs' motive for the speech was private and personal -- and that there are no facts upon which the court could rely to reach a contrary conclusion. The defendants can hardly make this claim. As briefed extensively in the summary judgment papers, there are sufficient facts from which the court could easily have found that the plaintiff's speech was motivated by a desire to improve the quality of education for the special education students.

In short, there is no substantive argument provided in the Motion for Reconsideration that dictates that the Court reconsider the Ruling on the defendants' Joint Motion for Summary Judgment. The Motion for Reconsideration should, therefore, be denied.

                                                  **PLAINTIFFS**
                                                  **MAUREEN EPPS, ET AL**

By: _____
      Jacques J. Parenteau
      Fed. Bar No.: ct 09771
      Madsen, Prestley & Parenteau, LLC
      111 Huntington Street
      New London, CT 06320
      (860) 442-2466
      Attorneys for the Plaintiff

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 26th day of May, 2004 to the following counsel and pro se parties of record:

James M. Sconzo, Esq.
Kevin Brady, Esq.
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103

Frank Szilagyi, Esq.
Silvester & Daly
72 Russ Street
Hartford, CT 06106

Paul H. Gamache, Esq.
Siegel, O'Connor, Schiff & Zangari, P.C.
150 Trumbull Street
Hartford, CT 06103

_____
Jacques J. Parenteau