UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAUREEN EPPS, | : | CIVIL ACTION NO. |
| DIANE CLAUSSEN, and | : | 3:01 CV2156 (AVC) |
| GERALDINE WRIGHT | : | |
|     Plaintiffs, | : | |
| VS. | : | |
| | : | |
| GERALD MISTRETTA and THE | : | |
| BOARD OF EDUCATION FOR | : | |
| THE TOWN OF EAST LYME | : | |
|     Defendants. | : | JUNE 10, 2004 |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION FOR RECONSIDERATION**

Pursuant to D. Conn. L. Civ.R. 7(d), the Defendant, the Board of Education for the Town of East Lyme (the "Board"), hereby submits this reply memorandum in support of the Defendants' joint motion for reconsideration. Because the reconsideration of this Court's decision regarding the motive for the Plaintiffs Diane Claussen and Geraldine Wright's alleged protected speech will obviate the need for a trial in this action, the Defendants respectfully request the Court to reconsider its ruling of April 23, 2004 and enter summary judgment in favor of the Defendants.

I.   **FACTS AND PROCEDURAL HISTORY**

On May 26, 2004, the Plaintiffs filed their memorandum of law in opposition to the Defendants' Motion for Reconsideration. The Plaintiffs claim that the Defendants failed to meet any of the three criteria for a motion for reconsideration, in that, there is nothing in the Court's opinion that it "overlooked" or "failed to consider" any aspect of



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the law in connection with its analysis. See Plaintiffs' Memorandum, p. 3. The Plaintiffs further claim that the Defendants have failed to set forth any substantive basis for the Court to reconsider its decision. See Id.

## II.   LAW AND ARGUMENT

### A.   The Defendants Have Met the Motion for Reconsideration Standard.

The Plaintiffs claim that the Court necessarily reviewed and considered the content, form and context of the Plaintiffs' speech in reaching its decision on the Defendants' motion for summary judgment. See Plaintiff's Mem., p. 3. The Plaintiffs erroneously conclude that the Court did not overlook or fail to consider any aspect of the law in reaching its decision and therefore, the Defendants have failed to satisfy the third criteria required for a motion to reconsider. See Id. To the contrary, the Defendants have specifically identified controlling Second Circuit authority regarding the required analysis of motive in determining whether a public employee's speech is protected under the First Amendment. See Defendants' Mem., pp. 4-5. Moreover, the Defendants have identified portions of the Court's decision regarding the analysis of Plaintiffs Wright and Claussen's First Amendment claims, which is silent regarding motive for their alleged protected speech. See Defendants' Mem., p. 3; Order, pp. 18-19. Accordingly, the Plaintiffs' argument that the Defendants' have failed to meet the motion for reconsideration standard completely lacks merit.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### B.  The Defendants Have Demonstrated The Plaintiffs' Personal Motives for Their Alleged Protected Speech.

The Plaintiffs claim that the Defendants have not set forth any substantive basis for the Court to reconsider its decision.  See Plaintiffs' Mem., p. 3.  The Defendants, however, have set forth the required Second Circuit standard for determining whether a public employee's speech is protected by analyzing the motive for the alleged protected speech and identified that the Plaintiffs' motive for their alleged protected speech was private and personal.  See Defendants' Mem., pp. 4-8.

In determining whether a public employee's speech is protected, the United States Court of Appeals for the Second Circuit examines the employee's motive, regardless of whether the subject matter of a particular statement is of inherent interest to society at large, "to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir.1999).  Pursuant to this analysis, if it is determined that an employee spoke not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, the statement is not protected, and "courts generally will not second guess the propriety of a personnel decision made by an employer allegedly in reaction to the employee's behavior." Connick v. Myers, 461 U.S. 138, 147, 103 S.Ct. 1684; see also Schnabel v. Tyler,  230 Conn. 735, 751, 646 A.2d 152 (1994).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiffs argue that there is no merit to the Defendants' argument that the underlying motive for the speech is private and personal.  See Plaintiffs' Mem., p. 4.  The Plaintiffs further claim that "the defendants are essentially stating that the summary judgment record supports only one conclusion – that the plaintiffs' motive for the speech was private and personal – and that there are no facts upon which the court could rely to reach a contrary conclusion."  Id.  The Plaintiffs' argument in this regard misses point entirely.  "[T]he fact that an employee's speech . . . **touches on a matter of public concern** will not render that speech protected where the employee's **motive** for the speech is private and personal." (emphasis added) Blum v. Schlegel, 18 F. 2d 1005, 1012 (2d. Cir. 1994).

In this case, the Court found that "the speech at issue concerned the organization, funding, and staffing levels of the special education department.  Speech relating to the quality of education for special education students touches on matters of public concern and is protected."  Order, p. 18.  The Court's analysis of Plaintiffs Wright and Claussen's speech stopped at this point without specifically addressing their motive for the alleged protected speech. See Id.  The Court, however, found the undisputed material facts that the reorganization of the special education department required "Wright and Claussen on different teams where they no longer worked together."  Order, pp, 2, 8. Indeed, the Plaintiffs' inability to continue working together under the reorganization is matter of their personal concern and demonstrates their **motive** for speaking out against the reorganization.  This is especially true since their

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

counterproposal to the reorganization that would allow Claussen and Wright to teach juniors and seniors "would have allowed Claussen and Wright to continue working together." Order, p. 9.

In addition, the Plaintiff Wright's complaints regarding the assignment of her position in August 2000 and her staffing concerns related to a matter solely of her personal interest. See Defendants' Summary Judgment Memorandum, pp. 9-11; Order, pp. 9-10. It is clear that from the Court's decision that the Plaintiff Epps' speech, which related to her personal grievances for the denial of personal days and the school's choice for CIL of the foreign language department was unprotected private conduct. See Order, p. 17. Similarly, the Plaintiff Wright's grievance regarding the position assigned to her in August 2000 was a matter of personal concern and unprotected private conduct. See Order, pp. 9-10. Further, the Plaintiff Claussen's grievance regarding her workload in October 2000 clearly is of the same personal nature of Epps' speech, which the Court found to be unprotected private conduct. See Order, pp. 12, 17. These incidents of a personal nature demonstrate the Plaintiffs' motive for their alleged protected speech, which relates to their unprotected private conduct.

Since the determination of whether the Plaintiffs' alleged protected speech addresses a matter of public concern and is protected under the First Amendment is one of law, not fact, the Court must analyze the motive for the Plaintiffs Wright and Claussen's speech and find that it relates to their own personal grievances and their ability to continue to work together, which are not matters of public concern. This Court

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

is not the appropriate forum to address the Plaintiffs' personal concerns regarding their employment or to review the propriety of a personnel decision made by an employer allegedly in reaction to the employee's behavior.  See Connick v. Myers, supra, 461 U.S. 147.  Accordingly, the Defendants respectfully request the Court to reconsider its Ruling dated April 23, 2004 regarding the motive for the Plaintiffs' alleged protected speech and enter summary judgment in favor of the defendants.

### III.  CONCLUSION

For all the above reasons, the Defendants respectfully request the Court to reconsider its Ruling dated April 23, 2004 and enter summary judgment in favor of the Defendants on the Complaint dated October 15, 2001.

RESPECTFULLY SUBMITTED,

THE DEFENDANT:
THE TOWN OF EAST LYME BOARD OF EDUCATION

By_____
James M. Sconzo
Fed. Bar # ct 04571 and
Kevin R. Brady
Fed. Bar #ct22135 of
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 10th day of June 2004, I hereby mailed a copy of the foregoing to:

Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

Frank J. Szilagyi, Esq. and
Josephine A. Spinella, Esq. of
Silvester & Daly
72 Russ Street
Hartford, CT 06106

Richard D. O'Connor, Esq.
Paul H. Gamache, Esq.
Siegal, O'Connor, Schiff & Zangari, P.C.
150 Trumbull Street
Hartford, CT 06103-2406

_____
Kevin R. Brady

559373.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105